IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION

| | |
|---|---|
| Ford Motor Credit Company and Ford Motor Company, <br><br>　　　　Plaintiffs and <br>　　　　Counter Defendants, <br><br>　　vs. <br><br>Raymond Poitra, <br><br>　　　　Defendant and <br>　　　　Counter Claimant. | **ORDER DENYING THE PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND DENYING THE DEFENDANT'S MOTION TO DISMISS** <br><br>Case No. 4:10-cv-042 |

Before the Court is the Plaintiffs' motion for summary judgment filed on January 6, 2011. See Docket No. 9. The Defendant filed a response in opposition to the motion and a "Motion to Dismiss for Lack of Subject Matter Jurisdiction" on January 19, 2011. See Docket Nos. 11 and 13. The Plaintiffs filed a reply brief and a response in opposition to the Defendant's motion to dismiss on February 1, 2011. See Docket Nos. 15 and 16. For the reasons stated below, the Plaintiffs' motion for summary judgment and the Defendant's motion to dismiss are denied.

I.   **BACKGROUND**

On December 20, 2000, Raymond Poitra purchased a 1999 Lincoln Navigator from Eide Ford Lincoln Mercury, Inc. ("Eide Ford"). See Docket No. 1-1. Eide Ford is located in Bismarck, North Dakota, and at the time of the purchase Poitra lived in Belcourt, North Dakota. See Docket No. 1-1. The "North Dakota Simple Interest Vehicle Retail Installment Contract" ("the contract")

used to execute the sale does not state the location of the sale.[1]  The plaintiffs, Ford Motor Credit Company and Ford Motor Company (collectively "Ford") financed the sale.  Poitra agreed to pay Ford sixty (60) payments of $627.24 commencing on January 29, 2001.  See Docket No. 1-1.

On July 7, 2004, Ford Motor Credit Company obtained a default judgment from the Turtle Mountain Tribal Court.  See Docket No. 1-2.  The Turtle Mountain Tribal Court found Poitra to be in default of the contract and that Ford Motor Credit Company was entitled to repossess and sell the Lincoln Navigator.

On June 15, 2007, Poitra filed a lawsuit against Ford in the Turtle Mountain Tribal Court. See Docket No. 1-3.  In the complaint, Poitra asserts that Ford failed to execute the default judgment it obtained in 2004.  Poitra contends further, "As a result, the vehicle fell into disrepair as unknown persons were driving the vehicle without properly servicing said vehicle for a short time."  See Docket No. 1-3.  In the complaint, Poitra seeks a judgment that Ford must rescind any and all negative credit reports, pay damages in the amount of $9,583.20 for rent/storage, costs, and attorney's fees.  In an unwritten order, a tribal judge found that the tribal court had jurisdiction over Poitra's claim.  Ford appealed this decision to the Turtle Mountain Appellate Court.

The Turtle Mountain Tribal Court of Appeals affirmed the tribal court's finding on February 22, 2010.  See Docket No. 1-4.  The appellate court held, "The cause of action commenced by Poitra is directly related to the lawsuit Ford brought to repossess the Lincoln Navigator because Poitra has been potentially harmed by Ford's failure to repossess in a timely manner."  See Docket No. 1-4. The Turtle Mountain Court of Appeals explained further, "A non-Indian cannot utilize a tribal forum

---

[1] The Plaintiffs assert in the memorandum in support of their motion that the sale took place in Bismarck, North Dakota.  See Docket No. 10.  Poitra asserts in his memorandum that the sale took place at the Turtle Mountain Mall on the Turtle Mountain Indian Reservation in Belcourt, North Dakota.  See Docket No. 12.  Neither party has provided any affidavits in support of their assertions.

to gain relief against a tribal member and then attempt to avoid that jurisdiction when it acts negligently in that same action resulting in potential harm to the tribal member." See Docket No. 1-4.

On May 28, 2010, Ford filed a "Complaint for Injunctive and Declaratory Judgment" in federal court. See Docket No. 1. Ford seeks a judgment granting the following relief:

1) Declaring that the Turtle Mountain Tribal Court has no personal and/or subject matter jurisdiction over Plaintiffs in regard to the cause of action brought by Defendant in Tribal Court.

2) Granting a preliminary and permanent injunction enjoining any further proceedings by Defendant against Plaintiffs in Tribal Court.

3) For a determination of the Defendant's obligation under the terms of the Installment Agreement, if any, to Plaintiffs.

4) For an order instructing Raymond Poitra to provide information to Ford Motor as to the location of the colleratral [sic] and granting them access to repossess the vehicle.

5) For such other and further relief as the Court may deem just and proper.

See Docket No. 1. On August 6, 2010, Poitra filed an answer and a counterclaim for attorney's fees. See Docket No. 3.

On January 6, 2011, Ford filed a motion for summary judgment. See Docket No. 9. Ford contends that under Plains Commerce Bank v. Long Family Land & Cattle Co., Inc., 554 U.S. 316 (2008) and Montana v. United States, 450 U.S. 544 (1981), tribal courts do not have jurisdiction over

3

non-Indian companies. Therefore, the Turtle Mountain Tribal Court cannot exercise jurisdiction over Ford in the lawsuit filed by Poitra.

On January 19, 2011, Poitra filed a response to Ford's motion and a motion to dismiss for lack of subject matter jurisdiction. See Docket Nos. 11 and 13. Poitra contends that Plains Commerce Bank is inapplicable and that the tribal court has jurisdiction under Montana because Ford entered into commercial dealings with Poitra on the reservation. Poitra further contends that this Court does not have subject matter jurisdiction because Ford has failed to exhaust tribal remedies.

## II.     STANDARD OF REVIEW

Summary judgment is appropriate when the evidence, viewed in a light most favorable to the non-moving party, indicates that no genuine issues of material fact exist and that the moving party is entitled to judgment as a matter of law. Davison v. City of Minneapolis, Minn., 490 F.3d 648, 654 (8th Cir. 2007); see Fed. R. Civ. P. 56(c). Summary judgment is not appropriate if there are factual disputes that may affect the outcome of the case under the applicable substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). An issue of material fact is genuine if the evidence would allow a reasonable jury to return a verdict for the non-moving party. Id.

The Court must inquire whether the evidence presents a sufficient disagreement to require the submission of the case to a jury or whether the evidence is so one-sided that one party must prevail as a matter of law. Diesel Mach., Inc. v. B.R. Lee Indus., Inc., 418 F.3d 820, 832 (8th Cir. 2005). The moving party bears the burden of demonstrating an absence of a genuine issue of material fact. Simpson v. Des Moines Water Works, 425 F.3d 538, 541 (8th Cir. 2005). The non-

moving party "may not rely merely on allegations or denials in its own pleading; rather, its response must . . . set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2).

### III. LEGAL DISCUSSION

#### A. POITRA'S MOTION TO DISMISS

Pursuant to 28 U.S.C. § 1331, this Court is empowered to determine whether a tribal court has exceeded the lawful limits of its jurisdiction. Nat'l Farmers Union Ins. Cos. v. Crow Tribe of Indians, 471 U.S. 845, 853 (1985). "The question of whether an Indian tribe retains the power to compel a non-Indian property owner to submit to the civil jurisdiction of a tribal court is one that must be answered by reference to federal law and is a 'federal question' under § 1331." Id. at 852. The United States Supreme Court also explained "that examination should be conducted in the first instance in the Tribal Court itself." Id. at 856. In Iowa Mut. Ins. Co. v. LaPlante, 480 U.S. 9 (1987), the United States Supreme Court held, "At a minimum, exhaustion of tribal remedies means that tribal appellate courts must have the opportunity to review the determinations of the lower tribal courts." LaPlante, 480 U.S. at 17.

It is undisputed that the Turtle Mountain Tribal Court and the Turtle Mountain Tribal Court of Appeals have had the opportunity to consider the tribal court's jurisdiction. On February 19, 2010, the Turtle Mountain Tribal Court of Appeals issued an order "affirm[ing] the lower court's ruling that it has jurisdiction over this cause of action." See Docket No. 1-4. The Court finds that tribal remedies have been exhausted. Accordingly, Poitra's motion to dismiss is denied.

### B. FORD'S MOTION FOR SUMMARY JUDGMENT

Ford contends that it is not subject to the jurisdiction of the tribal court. An analysis of the tribal court's jurisdiction starts with the United States Supreme Court's decision in Montana v. United States, 450 U.S. 544 (1981), a "pathmarking case concerning tribal civil authority over nonmembers." Strate v. A-1 Contractors, 520 U.S. 438, 445 (1997). The Supreme Court in Montana specifically addressed the reach of tribal jurisdiction over non-Indian parties. In Montana, the Supreme Court announced the general proposition that the inherent sovereign powers of an Indian tribe do not extend to the activities of non-members of the tribe. However, Indian tribes retain sovereignty over non-members in two specific instances:

> To be sure, Indian tribes retain inherent sovereign power to exercise some forms of civil jurisdiction over non-Indians on their reservations, even on non-Indian fee lands. A tribe may regulate, through taxation, licensing, or other means, the activities of nonmembers who enter consensual relationships with the tribe or its members, through commercial dealing, contracts, leases, or other arrangements. A tribe may also retain inherent power to exercise civil authority over the conduct of non-Indians on fee lands within its reservation when that conduct threatens or has some direct effect on the political integrity, the economic security, or the health or welfare of the tribe.

Montana, 450 U.S. at 565-66 (internal citations omitted). The Supreme Court further explained the Montana rule in Strate:

> Montana thus described the general rule that, absent a different congressional direction, Indian tribes lack civil authority over the conduct of nonmembers on non-Indian land within a reservation, subject to two exceptions: The first exception relates to nonmembers who enter consensual relationships with the tribe or its members; the second concerns activity that directly affects the tribe's political integrity, economic security, health or welfare.

Strate, 520 U.S. at 446.

The Turtle Mountain Tribal Court does not have civil jurisdiction over Ford unless one of the two recognized Montana exceptions is applicable. With respect to the first Montana exception,

the Turtle Mountain Tribal Court has jurisdiction over Ford if it entered into "consensual relationships with the tribe or its members, through commercial dealing, contracts, leases, or other arrangements." Montana, 450 U.S. at 565. Poitra contends that the sale took place in Belcourt, North Dakota and within the boundaries of the Turtle Mountain Indian Reservation. Ford contends that the sale took place in Bismarck, North Dakota, outside the boundaries of the reservation. Neither party has provided any affidavits to support their assertions. The Court finds that genuine issues of fact exist as to whether the sale took place on the reservation.

However, the Ninth Circuit Court of Appeals has explained that the first Montana exception applies when a party consents to tribal court jurisdiction:

> "The power to exercise tribal civil authority over non-Indians derives not only from the tribe's inherent powers necessary to self-government and territorial management, but also from the power to exclude nonmembers from tribal land." Babbitt Ford, Inc. v. Navajo Indian Tribe, 710 F.2d 587, 592 (9th Cir. 1983) (citing Merrion v. Jicarilla Apache Tribe, 455 U.S. 130, 141-44 (1982)). If the power to exclude implies the power to regulate those who enter tribal lands, the jurisdiction that results is a consequence of the deliberate actions of those who would enter tribal lands to engage in commerce with the Indians. It is true that "a tribe has no authority over a nonmember until the nonmember enters tribal lands or conducts business with the tribe," Merrion, 455 U.S. at 142, but we think that no lesser principle should govern those who voluntarily enter a tribal courtroom seeking compensation from tribal members. Indeed, there may be circumstances in which a nonmember plaintiff may have no forum other than the tribal courts in which to bring his claims. We hold that a nonmember who knowingly enters tribal courts for the purpose of filing suit against a tribal member has, by the act of filing his claims, entered into a "consensual relationship" with the tribe within the meaning of Montana.

Smith v. Salish Kootenai Coll., 434 F.3d 1127, 1139-40 (9th Cir. 2006) (footnotes omitted). Ford filed suit against Poitra in Turtle Mountain Tribal Court, alleging that Poitra had breached the retail installment contract by failing to make payments. Ford obtained a default judgment in tribal court on July 7, 2004. See Docket No. 1-2. Poitra's suit against Ford in the Turtle Mountain Tribal Court arises out of Ford's failure to enforce the default judgment. See Docket No. 1-3.

The Turtle Mountain Tribal Court of Appeals explained in its order, "A non-Indian cannot utilize a tribal forum to gain relief against a tribal member and then attempt to avoid that jurisdiction when it acts negligently in that same action resulting in potential harm to the tribal member." See Docket No. 1-4. This Court agrees. When Ford filed suit in tribal court in 2004, Ford consented to tribal court jurisdiction and entered into a "'consensual relationship' with the tribe within the meaning of Montana." Smith, 434 F.3d at 1140. The Court finds that the first Montana exception applies and the Turtle Mountain Tribal Court has jurisdiction. Accordingly, Ford's motion for summary judgment is denied and Ford's complaint is dismissed.

### III.   CONCLUSION

The Court has considered the entire record, the parties' briefs, and relevant case law. The Court **DENIES** the Plaintiffs' motion for summary judgment (Docket No. 9) and the Defendant's "Motion to Dismiss for Lack of Subject Matter Jurisdiction" (Docket No. 13). The Court **DISMISSES** the Plaintiffs' complaint without prejudice and also **DISMISSES** the Defendant's counterclaim for attorney's fees. All claims asserted by the parties in this action can be addressed, and should be addressed and resolved, in a tribal forum.

**IT IS SO ORDERED.**

Dated this 2nd day of March, 2011.

/s/  Daniel L. Hovland
Daniel L. Hovland, District Judge
United States District Court